IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ALAN S. BECKER,

                                  Civil No. 09-6289-MO

        Petitioner,

    v.

CHUCK SEELEY,

                                  OPINION AND ORDER

        Respondent.

        Anthony D. Bornstein, Assistant Federal Public Defender
        101 S.W. Main Street, Suite 1700
        Portland, Oregon 97204

                Attorney for Petitioner

        John R. Kroger, Attorney General
        Jacqueline Kamins, Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, Oregon 97310

                Attorneys for Respondent

     1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state court conviction from 2003 for Sexual Abuse in the First Degree. Because petitioner was not denied his constitutional right of confrontation, the Amended Petition for Writ of Habeas Corpus (#17) is denied.

## BACKGROUND

On January 9, 2002, petitioner was indicted on two counts of Sexual Abuse in the First Degree and one count of Unlawful Sexual Penetration in the Second Degree stemming from an incident involving his 13-year-old niece. Respondent's Exhibit 102. Prior to trial, petitioner sought the court's permission to admit evidence that the victim had made an allegation of sexual abuse against a babysitter, claiming the abuse had occurred when she was between the ages of three and five.[1] According to petitioner, the allegation was false, and the physician who examined the victim at the time made a finding that no abuse had occurred. Pretrial Transcript, p. 2. The trial judge denied petitioner's motion because the evidence was too remote, and its prejudicial value plainly outweighed its relevance. *Id* at 10-11.

---

[1] Although the abuse allegedly occurred when the victim was very young, she did not disclose it until she was 13 years of age while staying at a psychiatric facility after the allegations giving rise to the current action had come to light. Pretrial Transcript, p. 4.

During the trial, Dr. Susan Pickrel testified that the victim suffered from post-traumatic stress disorder ("PTSD") and low-level depression.  Trial Transcript, p. 83.  According to Dr. Pickrel, the PTSD was brought on by sexual abuse from a family member.  *Id* at 82-84.  At this point, petitioner changed his position on the victim's claim of abuse when she was a toddler.  Specifically, petitioner now claimed that the victim's prior allegations of abuse when she was a young child were actually true and it was this incident that caused her to suffer from PTSD, not any abuse she claimed to suffer at the hands of petitioner.  *Id* at 118.  He therefore sought the court's permission to cross-examine Dr. Pickrel as to the effect of the earlier abuse on Dr. Pickrel's diagnosis of PTSD.

Counsel for petitioner noted, "I may be getting the actual substance of the allegation wrong" and stated, "[the prosecutor] may actually correct me as to the nature of the statement in the record with regard to what happened when she was two or three or four."  *Id* at 118.  The prosecutor responded, "The actual note in the medial report indicates that [the victim] was apparently not bothered by this and does not remember it."  *Id* at 119.  The trial court denied petitioner's request to cross-examine Dr. Pickrel on this issue, finding "that it's too remote and really not helpful to the issues."  *Id* at 119.

3 - OPINION AND ORDER

The jury ultimately convicted petitioner of one count of sexual abuse, and the trial court sentenced him to 75 months in prison. Respondent's Exhibit 101, p. 3. Petitioner moved for a new trial on the basis that the jury's verdicts were logically inconsistent, but the trial court denied the motion. Respondent's Exhibits 119, 120.

Petitioner directly appealed his conviction, and the Oregon Court of Appeals affirmed the trial court without issuing a written opinion, and the Oregon Supreme Court denied review. *State v. Becker*, 204 Or. App. 253, 129 P.3d 804, *rev. denied* 340 Or. 672, 136 P.3d 742 (2006).

Petitioner next filed for post-conviction relief ("PCR") in Marion County where the PCR trial court denied relief. Respondent's Exhibits 125, 126. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Becker v. Belleque*, 228 Or. App. 367, 208 P.3d 1057, *rev. denied* 346 Or. 589, 214 P.3d 821 (2009).

Petitioner filed his Amended Petition for Writ of Habeas Corpus on May 11, 2010 alleging that the State denied him his right to confrontation under the Sixth and Fourteenth Amendments when the trial court barred him from cross-examining Dr. Pickrel with information about the victim's prior reports that someone besides petitioner sexually abused her when she was younger. Respondent asks the court to deny relief on the Amended Petition because:

4 - OPINION AND ORDER

(1) petitioner failed to fairly present the claim to Oregon's state courts, and it is now procedurally defaulted; and (2) the claim lacks merit.  Because petitioner's confrontation claim fails on its merits, the court declines to decide the exhaustion issue.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

## **DISCUSSION**

## I.   **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are

materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still lends deference to the state court's ultimate decision. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

## II.  <u>Analysis</u>

Petitioner alleges that the trial court unreasonably restricted vital cross-examination of Dr. Pickrel thereby depriving the defense of its ability to undermine the victim's credibility. Petitioner argues that had he been allowed to cross-examine Dr.

6 - OPINION AND ORDER

Pickrel regarding the earlier incident of sexual abuse, he could have shown the jury that the victim's PTSD was a pre-existing condition such that Dr. Pickrel's diagnosis could not have been used to buttress the victim's testimony as to the charges against him.

In all criminal prosecutions, the Sixth and Fourteenth Amendments guarantee the accused the right "to be confronted with the witnesses against him." U.S. Const., Amdt. 6; *Lilly v. Virginia*, 527 U.S. 116, 123 (1999). "The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974). "[A] criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed . . . 'to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.'" *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986) (quoting *Davis*, 415 U.S. at 318). In evaluating such a claim, this court is mindful that "[t]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Id* at 679.

Petitioner sought to link Dr. Pickrel's PTSD diagnosis to the incident of sexual abuse, thereby showing that the victim's PTSD did not necessarily result from the sexual abuse alleged in the Indictment. However, as petitioner pointed out to the court in his pretrial motion, the physician who examined the victim at the time of the incident concluded that was no sign of sexual abuse. Pretrial Transcript, p. 2. It was therefore questionable whether the incident of abuse had actually occurred.

In addition, as mentioned previously in this Opinion, "[t]he actual note in the medical report indicates that [the victim] was apparently not bothered by this and does not remember it." Trial Transcript, p. 119. Indeed, "the allegation came from the mother rather than the child who was two years old. The mother is who reported this and pursued this." Pretrial Transcript, p. 7. Given petitioner's earlier position that no abuse had occurred, the examining doctor's finding that no abuse had occurred, and the contents of the medical report showing that the victim did not report or remember such an incident and was not bothered by it, the earlier allegation of abuse simply was not relevant to Dr. Pickrel's PTSD diagnosis. Accordingly, the trial court properly exercised its broad discretion to impose a reasonable limitation on petitioner's cross-examination of Dr. Pickrel. For these reasons, assuming petitioner fairly presented this claim to the state courts, and the court having conducted an independent review of the

8 - OPINION AND ORDER

record, the criminal trial court's decision to deny relief on petitioner's Ground One claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#17) is DENIED.  The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___30th___ day of July, 2011.


/s/ Michael W. Mosman
        Michael W. Mosman
        United States District Judge

9 - OPINION AND ORDER